**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LINDRA I. JACKSON and** | ) | |
| **LJ PROFESSIONAL & FINANCIAL** | ) | |
| **SERVICES, LLC,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **No. 3:22-CV-0986-S (BH)** |
| | ) | |
| **SMALL BUSINESS ADMINSTRATION,** | ) | |
| **ISABELLA CASILLAS GUZMAN,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge[1]** |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**</u>

Based on the relevant filings and applicable law, *Plaintiff's Second Motion for Default Judgment*, filed July 12, 2022 (doc. 56), should be **DENIED**.

## I.  BACKGROUND

On May 3, 2022, the plaintiff filed this action under the Administrative Procedures Act, 5 U.S.C. § 706 (APA), against a federal agency and its administrator, in her official capacity, based on the denial of her application for an economic injury disaster loan. (*See* doc. 3.) She also sought and was granted leave to proceed *in forma pauperis* (IFP). (*See* docs. 4, 5.) After the plaintiff filed an amended complaint, summonses were issued for the federal defendants. (*See* docs. 9, 12, 13, 14.) On May 9, 2022, the plaintiff then moved for a preliminary injunction. (*See* doc. 15.) The defendants were served through the United States Attorney on May 10, 2022. (*See* doc. 17.) The plaintiff again amended her complaint on May 17, 2022, with leave. (*See* docs. 35-37.) The defendants filed a response to the motion for preliminary injunction on May 31, 2022. (*See* doc. 22.) On July 11, 2022, the defendants moved to dismiss this action. (*See* doc. 21.) The following day, the plaintiff moved for default judgment, and it was recommended that the motion be denied. (*See*

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

docs. 48, 52.)  Later that same day, the plaintiff again moved for default judgment.  (*See* doc. 56.)

## II.  ANALYSIS

The plaintiff moves for entry of default judgment, contending that the defendants' filing of a motion to dismiss is not a responsive pleading.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  There is a three-step process for securing a default judgment.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise".  *See id*.; *N.Y. Life Ins.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

The United States Court of Appeals for the Fifth Circuit has expressly stated that "[t]he filing of a motion to dismiss is normally considered to constitute an appearance."  *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) (noting that "appearance" is defined broadly and includes a variety of actions that may be sufficient to show the defendant's intention to dispute the lawsuit, such as letters and telephone conversations between counsel).  By filing a motion to dismiss, the federal defendants have appeared and defended this case.  *See id.; see also Rogers v. Barnhart*, 365 F.Supp.2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank*, 874 F.2d at 277); *Wells v. Youtube, LLC,* No. 3:20-CV-2849-S-BH, 2020 WL 7075518, at *1 (N.D. Tex. Dec. 3, 2020) (same); *Cain v. Stephens*, No. H-15-1979, 2016 WL 4494437, at *6 (S.D. Tex. Aug. 26, 2016) (denying motion for entry of default judgment where the defendant filed a motion to dismiss

instead of an answer) (same).  The plaintiff has not shown that the federal defendants have failed to plead or otherwise defend against this action as provided by Rule 55(a), and that entry of default is warranted.

Although the plaintiff is correct that a motion to dismiss is not a responsive pleading, the filing of a motion to dismiss under Rule 12 extends the deadline for filing a responsive pleading until 14 days after notice of the court's denial of the motion.  Fed. R. Civ. P. 12(a)(4); *Russell v. Watkins Ludlam Winter & Stennis, P.A.*, 181 F. App'x 441, 444 n. 8 (5th Cir. 2006) (rejecting argument that default judgment should have been entered because the appellees filed a motion to dismiss instead of an answer because "[a]lthough a motion to dismiss is not a responsive pleading,"  the appellees were not required to file a responsive pleading until the court ruling on their pending Rule 12 motion) (citing Rule 12 and *McZeal v. Ocwen Financial Corp.*, 252 F.3d 1355 (5th Cir. 2001)).  Because the defendants have filed a motion to dismiss this action under Rule 12, their deadline to file an answer has been extended until their motion has been determined.  Again, there is no basis for entry of default based on the failure to file an answer.

Moreover, if a response is late-filed, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276).  Even if the defendants were in default, the plaintiff would not be automatically entitled to entry of default judgment.  Finally, because the plaintiff seeks entry of default judgment against an officer and agency of the United States, she must meet a heightened burden.  Rule 55(d) provides that a default

judgment may be entered against them only if the plaintiff "establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). The plaintiff has not met this burden.

Because the defendants have timely defended this action by responding to the motion for preliminary injunction and filing a motion to dismiss, and no default has been entered, entry of default judgment is not warranted.

### III.  RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SIGNED this 13th day of July, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4