IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LINDRA I. JACKSON, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:22-CV-986-S-BH |
| § | |
| SMALL BUSINESS ADMINISTRATION § | |
| and ISABELLA CASILLAS GUZMAN, § | |
|     Defendants. § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are *Plaintiff's Motion for Preliminary Injunction*, filed May 9, 2022 (doc. 15), *Defendants' Motion to Dismiss*, filed August 8, 2022 (doc. 70), and *Plaintiff's Emergency Motion for Default Judgment by Sanction for Failure to Serve Answers to Interrogatories*, filed August 30, 2022 (doc. 88). Based upon the relevant filings and applicable law, the defendants' motion to dismiss should be **GRANTED in part**, and the plaintiff's motions should be **DENIED**.

### I. BACKGROUND

Lindra I. Jackson (Plaintiff) brings this *pro se* action against the Small Business Administration (SBA) and its administrator in her official capacity (Administrator) (collectively Defendants), under the Administrative Procedures Act, 5 U.S.C. § 706 (APA), the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 (DJA), and the Federal Torts Claims Act (FTCA), in connection with the denial of her application for an economic injury disaster loan for her business. (*See* doc. 62.)[2]

On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Act (CARES Act), in response to the COVID-19 pandemic. (*Id.* at 3.) Among other things, the CARES Act appropriated additional funds and expanded eligibility requirements for the Economic Disaster Loans (EIDL) program, which provides economic injury disaster loans to eligible small businesses. (*Id.*) Under the CARES Act, the SBA was authorized to approve EIDL applicants "based solely on the credit score of the applicant [or] use alternative appropriate methods to determine an applicant's ability to repay." (*Id.*) Applicants also had to certify that their business was "in operation" prior to January 1, 2020, to qualify for a loan under the EIDL program. (*Id.*)

On December 27, 2020, Congress passed the Economic Aid Act, which "extended the SBA's authority to make COVID EIDL loans through December 31, 2021, and further modified the terms under which the SBA [could] approve and make available COVID EIDL funds to shuttered and impacted businesses." (*Id.*) The EIDL program was later expanded to allow eligible small businesses that did not receive the maximum EIDL amount to apply for and receive Targeted EIDL Advance and Supplemental Targeted Advance payments. (*Id.* at 13.)

Plaintiff is the sole owner of LJ Professional and Financial Services, LLC (LJPFS), a registered business in Texas. (*Id.* at 2.) On March 30, 2020, Plaintiff applied for an EIDL for LJPFS. (*Id.* at 6.) The EIDL application was declined based on "unsatisfactory credit history" on April 18, 2020. (*Id.*) Plaintiff requested reconsideration and provided additional credit history information, but the application was again declined on July 22, 2021, due to unverifiable information. (*Id.*) Between July and December 2021, Plaintiff made repeated requests for reconsideration and submitted additional EIDL applications to the SBA. (*Id.* at 7.) On December 3, 2021, the SBA sent Plaintiff a denial letter explaining that the application had been declined due to unverifiable information and the submission of duplicate applications. (*Id.* at 7-8.)

2

On December 6, 2021, Plaintiff submitted bank statements and other evidence of LJPFS's operation as a business, and an agent with the SBA told her that the appeal was "reactivated" and the EIDL application would be reconsidered. (*Id.* at 10.) On March 25, 2022, the online portal for the EIDL program indicated that LJPFS's application was declined and that details about the decision would be emailed to Plaintiff. (*Id.* at 12.) She did not receive an email or any other written communication with details about the decision. (*Id.*) Even though an applicant must be eligible for the EIDL program to receive Targeted EIDL Advance and Supplemental Targeted Advance payments, and LJPFS was never approved for an EIDL, it was awarded advances in July 2021. (*Id.* at 13-14.)

Plaintiff seeks judicial review of the SBA's denial of the EIDL application for LJPFS, alleging that the decision to deny the application was arbitrary and capricious, contrary to law, and unsupported by substantial evidence. (*Id.* at 14-16.) She seeks to have Defendants' denial of the EIDL application and subsequent appeal declared unlawful and set aside, and to preliminarily and permanently order them to reconsider the application and to award and fund the EIDL in the amount of $377,200. (*Id.* at 17.) She also seeks "pecuniary and compensatory damages to redress [her] for the damage done to [her] personal credit and finances and mental and emotional suffering" as a result of Defendants' negligence under the FTCA. (*Id.*)

On May 3, 2022, Plaintiff filed this *pro se* lawsuit on behalf of herself and LJPFS. (*See* doc. 3.) By notice of deficiency and order entered the following day, Plaintiff was advised that a business entity can only be represented by licensed counsel, and that it would be recommended that LJPFS's claims be dismissed if licensed counsel failed to enter an appearance on its behalf within 21 days. (doc. 7.) On May 9, 2022, Plaintiff filed a second amended complaint that removed LJPFS as co-

plaintiff. (doc. 12.) She also filed a motion for preliminary injunction the same day. (doc. 15.)

After Plaintiff obtained leave to file her third amended complaint, Defendants moved to dismiss her claims against them under Rules 12(b)(1) and 12(b)(6) on August 8, 2022. (doc. 70.) Plaintiff responded on August 10, 2022, and Defendants replied on August 24, 2022. (docs. 72, 75.)

On August 30, 2022, Plaintiff filed a combined motion for default judgment under Rule 37(b)(2)(A)(vi) and for an emergency writ of mandamus under 28 U.S.C. § 1361. (doc. 88.) Defendants responded on September 15, 2022, and Plaintiff replied on September 16, 2022. (docs. 98-99, 103.)

## II.  MOTION TO DISMISS

Defendants move to dismiss Plaintiff's claims under Rule 12(b)(1) for lack of subject matter jurisdiction. (doc. 70 at 11.)

**A.     Legal Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the

subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.*[3] If the defendant "submits affidavits, testimony, or other evidentiary materials," the motion to dismiss presents a "factual attack." *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (citation omitted). "To defeat a factual attack, a plaintiff 'must prove the existence of subject-matter jurisdiction by a preponderance of the evidence' and is 'obliged to submit facts through some evidentiary method to sustain his burden of

---

[3]It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Regardless of whether the plaintiff is proceeding *pro se* or represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

5

proof.'" *Id.* (citation omitted).

Here, Defendants provide a sworn declaration in support of their motion to dismiss. (*See* doc. 70-2.) The motion therefore presents a factual attack, and no presumption of truth attaches to Plaintiff's factual allegations. Accordingly, Plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence. *See Superior MRI Services*, 778 F.3d at 504.

**B.   Standing**

Defendants argue that Plaintiff lacks standing to pursue derivative claims that belong to LJPFS. (doc. 70 at 12-13.)

"The standing doctrine defines and limits the role of the judiciary and is a threshold inquiry to adjudication." *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003) (citing *Warth v. Seldin*, 422 U.S. 490, 517-18 (1975). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth*, 422 U.S. at 498. "The inquiry has two components: constitutional limits, based on the case-and-controversy clause in Article III of the Constitution; and prudential limits, crafted by the courts." *Id.* (citing *Raines v. Byrd*, 521 U.S. 811, 820 (1997)).  "To meet the [Article III] constitutional standing requirement, a plaintiff must show (1) an injury in fact (2) that is fairly traceable to the actions of the defendant and (3) that likely will be redressed by a favorable decision." *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009) (quoting *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001)) (alteration in *St. Paul Fire & Marine Ins. Co.*).  Prudential standing relates to whether: (1) a plaintiff's grievance falls within the zone of interests protected by the statute invoked, (2) the complaint raises a generalized grievance more properly addressed by the legislature, and (3) the plaintiff is asserting his or her own legal rights and interests rather than the legal rights

and interests of third parties. *St. Paul Fire & Marine Ins. Co.*, 579 F.3d at 539; *see also Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004).

Defendants rely on the "shareholder standing rule," arguing that Plaintiff lacks standing to assert any of her claims because "LJPFS was the party that applied for the EIDL loan and, to the extent that there exists any actionable claim arising from the denial of its application (which there does not), these are derivative claims that belong to LJPFS." (doc. 70 at 12.) The shareholder standing rule "is a longstanding equitable restriction that generally prohibits shareholders from initiating actions to enforce the rights of the corporation." *Franchise Tax Bd. of California v. Alcan Aluminium Ltd.*, 493 U.S. 331, 336 (1990). The argument that a shareholder or principal lacks standing to bring suit to enforce the rights of the corporation is a matter of prudential standing and does not implicate the minimal requirements of Article III standing. *See id.* (describing the "shareholder standing rule" as a matter of prudential standing); *Collins v. Mnuchin*, 938 F.3d 553, 575 (5th Cir. 2019), *aff'd in part, vacated in part, rev'd in part sub nom. Collins v. Yellen*, ⎯⎯ U.S. ⎯⎯, 141 S. Ct. 1761 (2021) ("[T]he prudential shareholder-standing rule...is a strand of the standing doctrine that prohibits litigants from suing to enforce the rights of third parties."); *see also Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008) ("Th[e] question of whether or not a particular cause of action authorizes an injured plaintiff to sue is a merits question, affecting statutory standing, not a jurisdictional question, affecting constitutional standing."). "Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795, n.2 (5th Cir. 2011). To the extent necessary, Defendants' prudential standing argument will be considered under Rule

7

12(b)(6).

**C.     Sovereign Immunity**

Defendants also move to dismiss under Rule 12(b)(1) on the basis of sovereign immunity. (doc. 70 at 13.)

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Because federal sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed. *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009). The terms of the consent or waiver define the jurisdictional boundaries to entertain the suit. *Meyer*, 510 U.S. at 475. In general, the scope of a waiver of sovereign immunity is strictly construed "in favor of the sovereign." *Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008). The plaintiff has the burden to show an "unequivocal waiver of sovereign immunity." *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009).

   *1.    APA Non-Monetary Relief Claims*

Defendants argue that subject matter jurisdiction is lacking over Plaintiff's claims under the APA for injunctive relief because they are strictly prohibited against the SBA. (doc. 70 at 13.)

Section 702 of the APA provides a right of review for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. It also waives sovereign immunity for certain claims against federal government agencies, but not "if any other statute that grants consent to suit expressly or

impliedly forbids the relief which is sought." *Id.*; *see Cambranis v. Blinken*, 994 F.3d 457, 462 (5th Cir. 2021) ("Section 702 of the APA waives the United States' sovereign immunity for actions seeking non-monetary relief against federal government agencies.").

The CARES Act EIDL program is implemented under section 7(b) of the Small Business Act, which is administered by the SBA. *See* 15 U.S.C. § 636(b)(1). Section 634(b)(1) provides that the SBA and its officials may

> sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property.

Although this section waives the SBA's sovereign immunity for certain claims, "all injunctive relief directed at the SBA is *absolutely prohibited*." *In re Hidalgo Cnty. Emergency Serv. Found.*, 962 F.3d 838, 840 (5th Cir. 2020) (emphasis original) (citations omitted); *see Romeo v. United States*, 462 F.2d 1036, 1037-38 (5th Cir. 1972) (quoting § 634(b)(1)) ("Congress has, to some extent, waived immunity for the SBA by enacting 15 U.S.C. § 634(b)(1)," but "the waiver is a limited one, for 'no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property.'")). The Fifth Circuit has held that declaratory judgment is available as a remedy against the SBA, provided that the request for declaratory relief is not "a shallow subterfuge for an unavailable injunction." *Valley Const. Co. v. Marsh*, 714 F.2d 26, 29 (5th Cir. 1983) (citing *Expedient Services, Inc. v. Weaver*, 614 F.2d 56 (5th Cir. 1980)).

Here, Plaintiff has filed this action against Defendants under the APA, alleging that they improperly denied her business an EIDL under the CARES Act. (doc. 62.) She seeks to have Defendants' denial of her EIDL application and subsequent appeal "declare[d]" unlawful and set

9

aside, and to "preliminarily and permanently" order them to reconsider the application and to award and fund the EIDL in the amount of $377,200. (*Id.* at 17.) Her request for relief to mandatorily enjoin Defendants to make certain decisions regarding the EIDL application seeks "injunctive relief in the nature of specific performance," which is prohibited by § 634(b)(1). *See Romeo v. United States*, 462 F.2d 1036, 1038 (5th Cir. 1972) (holding that plaintiff's action for specific performance against SBA was barred insofar as it sought "injunctive relief in the nature of specific performance"). Although the third amended complaint appears to seek relief under the DJA for an order to "declare" unlawful and set aside the SBA's decision, the relief she seeks is injunctive in nature. Her request to have the SBA's decision set aside "is essentially no different than a request for an injunction preventing the agency from continuing to enforce its decision." *Expedient Servs., Inc. v. Weaver*, 614 F.2d 56, 58 (5th Cir. 1980). Plaintiff cannot avoid the Small Business Act's prohibition against injunctions by asserting a claim for relief phrased in terms of declaring certain actions by Defendants unlawful and, in turn, requiring them to follow the law. *See Bros. Petroleum, LLC v. United States*, 569 F. Supp.3d 405, 409 (E.D. La. 2021) (quoting *Valley Const. Co.*, 714 F.2d at 29) (explaining that "'a declaratory judgment is a proper remedy' against the SBA as long as the request for declaratory relief is not 'a shallow subterfuge for an unavailable injunction'").

Because Plaintiff's claims for non-monetary relief against Defendants under the APA are injunctive in nature and precluded by § 634(b)(1), they should be dismissed for lack of subject matter jurisdiction. *See In re Hidalgo Cnty. Emergency Serv. Found.*, 962 F.3d at 840; *Valley Const. Co.*, 714 F.2d at 29; *Expedient Services*, 614 F.2d at 58.

### 2. *FTCA Monetary Relief Claims*

Defendants contend that subject matter jurisdiction over Plaintiff's claim for damages under

10

the FTCA is lacking because she failed to exhaust administrative remedies. (doc. 70 at 16.)

Under the FTCA, "Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671-2680. To successfully sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his office or employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *Meyer*, 510 U.S. at 477-78. The only proper defendant in an FTCA action is the United States, and "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988) (citations omitted).

Here, Plaintiff names only the SBA and Administrator as Defendants. (*See* doc. 62.) None of these parties is a proper defendant to an FTCA claim. *See Galvin*, 860 F.2d at 183. Plaintiff's FTCA claim against Defendants should therefore be dismissed for lack of subject matter jurisdiction. *Id.*; *see also Martin v. Hyundai Translead, Inc.*, No. 3:20-CV-2147-K, 2020 WL 6701806, at *4, (N.D. Tex. Nov. 13, 2020) (dismissing FTCA claims against AAFES for lack of jurisdiction); *Ogbolu v. United States Immigration & Customs Enf't*, No. H-06-0115, 2006 WL 3152694, at *3 (S.D. Tex. Nov. 1, 2006) (dismissing plaintiff's FTCA claims against ICE for lack of jurisdiction).

Even if her *pro se* claims against Defendants are liberally construed as asserted against the United States, Plaintiff must exhaust her administrative remedies before filing suit. *See McNeil v.*

*United States*, 508 U.S. 106, 113 (1993). Section 2675(a) of the FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2765(a).

A plaintiff "gives proper notice within the meaning of § 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim." *Cook v. United States Dep't of Labor*, 978 F.2d 164, 165 (5th Cir. 1992). Although no particular method of giving notice is required, plaintiffs usually give notice by filing a Form 95 "Claim for Damage, Injury or Death" with the appropriate federal agency. *See id.* (citing *Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982) and *Crow v. United States*, 631 F.2d 28, 30 (5th Cir. 1980)). Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA, and absent compliance with this requirement, district courts are without jurisdiction. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) (per curiam).

Here, Defendants provide the sworn declaration of an SBA official stating that the SBA had no record of an FTCA claim from Plaintiff. (doc. 70-2.) Plaintiff responds that she "has threatened legal action against the agency several times" both verbally and in writing "more than six months before the action was filed with this Court." (doc. 72 at 10.) She also provides copies of certified mail receipt confirmations showing that mail was delivered to the SBA's offices in Washington, DC on March 14, 2022. (*Id.* at 22-27.) Although she generally alleges that she submitted written FTCA

12

claims to the SBA, she has not provided evidence of those claims, or alleged facts sufficient to show that any submitted demand satisfied the requirements of § 2675 by, among other things, specifying the amount of the claim. *See Montoya v. United States*, 841 F.2d 102, 105 (5th Cir. 1988) ("[V]alid notice requires a writing that informs the agency of the facts of the incident and the amount of the claim."). Plaintiff also alleges that she mailed a written "claim" along with supporting documents to the Administrator and other SBA officials on March 9, 2022, which was less than three months before she filed this action. (doc. 72 at 11.) "An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed. This requirement is jurisdictional, and may not be waived." *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) (citations omitted).

Because Plaintiff has not met her burden of establishing federal jurisdiction over her FTCA claim, it should be dismissed for lack of subject matter jurisdiction. *See Miller v. Stanmore*, 636 F.2d 986, 991 (5th Cir. 1981); *see also Jones v. United States*, No. 3:18-CV-1738-N, 2018 WL 7286176, at *3 (N.D. Tex. Dec. 31, 2018) (dismissing FTCA claims for failure to exhaust administrative remedies).

In conclusion, there is no waiver of sovereign immunity for Plaintiff's claims for relief against Defendants, so the entire action against them should be dismissed for lack of subject matter jurisdiction.[4]

### III. MOTION FOR PRELIMINARY INJUNCTION

Plaintiff moves for a preliminary injunction to preserve sufficient funds for a COVID EIDL

---

[4]Because Defendants' motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction should be granted, and this case is subject to dismissal without prejudice, it is unnecessary to reach their alternative grounds for dismissal on the merits under Rule 12(b)(6). (*See* doc. 70 at 12-13, 19-20.)

award. (*See* doc. 16.)

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008); *see also Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). To obtain a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) [that] the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) [that] granting the injunctive relief will not disserve the public interest." *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017) (citation and quotation omitted). The party seeking the preliminary injunction bears the burden of persuasion on all four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009). If the movant fails to carry the "heavy burden" to show each of the four prerequisites, a preliminary injunction is not warranted. *See Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

As discussed, Plaintiff's claims against Defendants are barred by the doctrine of sovereign immunity, and all her claims against Defendants are subject to dismissal for lack of subject matter jurisdiction. She therefore cannot establish a likelihood of success on the merits of any of her claims, and her motion for a preliminary injunction should be denied.

### IV.  MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment against Defendants for their failure to respond to her discovery requests. (doc. 88 at 1, 4; 88-1 at 1-6.)

Rule 37(b)(2)(A) "allows a district court to impose a sanction when a party fails to comply with a discovery order, and the court has broad discretion in fashioning its sanction when it does so."

14

*L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019). One of those sanctions is "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). While Rule 37 allows for entering a default judgment as a discovery sanction, "[l]itigation-ending sanctions are, by their very nature, the last resort." *Fuqua v. Horizon/CMS Healthcare Corp.*, 199 F.R.D. 200, 204 (N.D. Tex. 2000) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)). "Nevertheless, in certain circumstances, they are justified 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.' " *Id.* (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)). The Fifth Circuit has articulated several factors that must be present before default judgment as a discovery sanction is justified, including that (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) the violation is "attributable to the client instead of the attorney"; (3) the violation "substantially prejudice[s] the opposing party"; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *FDIC*, 20 F.3d at 1380-81.

Here, Plaintiff does not allege or otherwise demonstrate that the parties have had a Rule 26(f) conference prior to her submission of discovery requests to Defendants. Rule 26(d)(1) provides that a party may not seek discovery from any source prior to the parties' Rule 26(f) planning conference except when authorized by the rules, by agreement of the parties, or by court order. Fed. R. Civ. P. 26(d)(1). There is also no order compelling Defendants to respond to Plaintiff's discovery requests, much less evidence of Defendants' repeated refusals to comply with court orders. *See FDIC*, 20 F.3d at 1380-81.

Because default judgment as a discovery sanction is not warranted on the basis of this record,

Plaintiff's motion for default judgment should be denied.

## V. PETITION FOR WRIT OF MANDAMUS

Plaintiff seeks a writ of mandamus that compels Defendants to process her "application for relief aid." (doc. 88-1 at 14.)

The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus may only be invoked in extraordinary situations. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Further, the law is well-established that "[m]andamus is not available to review discretionary acts of agency officials." *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984). Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992). To establish jurisdiction under § 1361 and an entitlement to relief, a plaintiff must show: (1) she has a clear right to the relief sought; (2) the defendants have a nondiscretionary duty to perform; and (3) no other adequate remedy is available. *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980). The failure to demonstrate the existence of any one of these three elements deprives the Court of jurisdiction and the power to grant mandamus relief. *See id.*

Here, Plaintiff fails to show that she has a clear right against Defendants for a writ of mandamus to process the EIDL application for LJPFS. Plaintiff argues that she is an "eligible entity" under the CARES Act, but an individual must operate "under a sole proprietorship, with or without employees, or as an independent contractor" to be considered an "eligible entity" under the act. *See* 15 U.S.C. § 9009(a)(2). Even assuming that LJPFS qualifies as an "eligible entity," it is no longer

16

a party in this action, and Plaintiff cannot bring this action on its behalf *pro se*. *See* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."); *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) (discussing well-established law "that a corporation may appear in the federal courts only through licensed counsel").

Additionally, Plaintiff has not shown that Defendants have a nondiscretionary duty to process and fund an applicant's EIDL. The CARES Act amended section 7(a) of the Small Business Act by temporarily expanding eligibility requirements for EIDLs. This section authorizes the SBA to make disaster loans "as the Administration *may* determine to be necessary or appropriate to any small business concern, private nonprofit organization, or small agricultural cooperative located in an area affected by a disaster . . . if the Administration determines that the concern, the organization, or the cooperative has suffered a substantial economic injury as a result of such disaster ...." 15 U.S.C. 636(b)(2). The word "may" plainly indicates that the SBA's decision to award EIDLs is permissive, not mandatory. Moreover, § 1110 of the CARES Act, which Plaintiff cites in support of her motion for mandamus relief, does not "prescribe[ ] a mandatory, ministerial duty on the part of the SBA." *LIT Ventures, LLC v. Carranza*, 457 F. Supp.3d 906, 910 (D. Nev. 2020); *see Widerman Malek P.L. v. Carranza*, No. 6:20-CV-665-ORL-37GJK, 2020 WL 6748083, at *4 (M.D. Fla. June 22, 2020) (noting that "the CARES Act does not impose a clear, non-discretionary duty on the SBA to award grants") (citing 15 U.S.C. § 9009(e)).

Because Plaintiff fails to show a clear right to having the EIDL application approved, or provide a statute or regulation that explicitly imposes a mandatory duty upon the SBA to approve or fund an EIDL applicant's request for a loan, her motion for mandamus should be denied. *See Jones*, 609 F.2d at 781; *see, e.g. LIT Ventures*, 457 F. Supp.3d at 911 ("Because the CARES Act

17

does not create a mandatory, ministerial duty to make emergency grants in the manner that Ventures pleads, mandamus relief is unavailable.").

## VI. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend her complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has amended her complaint three times; even if afforded another opportunity to amend, her claims would still fail for lack of subject matter jurisdiction. As discussed, her claims for injunctive relief are prohibited under the Small Business Act, and she is unable to allege facts that she exhausted her administrative remedies with respect to her FTCA claim.[5] Because it appears

---

[5] It also appears that Plaintiff lacks prudential standing on any of her claims. At least one federal court has found that the individual owner of a business lacked standing to bring a similar action against the SBA for denying the COVID-19 EIDL application for his business. *Huang v. Small Bus. Admin.*, No. 22-CV-03363-BLF, 2022 WL 3111809, at *1-2 (N.D. Cal. Aug. 4, 2022) (explaining that because the business itself is the applicant for the EIDL and the one that suffered the injury-in-fact from denial of the EIDL application, *pro se* business owner needed to obtain counsel for his business and name it as a party, or allege facts showing why he had standing to proceed in his own name to avoid

that Plaintiff has alleged her best case or that amendment would be futile, no further opportunity to amend is warranted.

## VII. RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED in part**, Plaintiff's motions should be **DENIED**, and all of her claims should be **DISMISSED without prejudice**.

**SO RECOMMENDED** on this 16th day of December, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

dismissal for lack of standing). This is because the Small Business Act only "authorizes the SBA to issue EIDLs to 'any small business concern, private nonprofit organization, or small agricultural cooperative,' not to individual business owners." *Id.* at *1 (quoting 15 U.S.C. § 636(b)(2)).

19